IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

V.                                                  Case No. 12-CR-1922 WJ

ADRIAN MIKE,

       Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT

THIS MATTER comes before the Court on Defendant Adrian Mike's Motion to Dismiss the Indictment **(doc. 23)**, filed October 3, 2012.  The Court finds that Defendant's motion is not well taken and shall be **DENIED**.

### BACKGROUND

On February 23, 2009, Defendant pled guilty to Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 1153 and 113(a)(6), and on September 8, 2009, he was sentenced to the custody of the Bureau of Prisons for a term of twenty-four months.  On September 16, 2010, he was placed on supervised release, which was revoked on October 18, 2010, when he was sentenced to an additional eight months in custody, followed by a twenty-eight month term of supervised release.  He served the eight months and began the supervised release term.  On March 4, 2011, Defendant was again arrested for violating the conditions of his supervised release, and was sentenced to an additional ten months in custody, followed by an eighteen month term of supervised release.  The conditions of his supervised release required him to live at a halfway house for up to six months.

On March 25, 2012, Defendant left the halfway house without authorization. On August 7, 2012, he was indicted on a charge of escape in violation of 18 U.S.C. § 751(a). The indictment reads:

> On or about March 25, 2012, in Dona Ana County, in the District of New Mexico, the defendant ADRIAN MIKE, a/k/a Sean Mike Pooh, did knowingly escape from custody while housed at Diersen Charities, an institutional facility in which he was lawfully confined at the direction of the Attorney General by virtue of a judgment and commitment of the United States District Court for the District of New Mexico, for a violation of supervised release upon conviction for the commission of Assault Resulting in Serious Bodily Injury; Crime on an Indian Reservation, in violation of 18 U.S.C. § 1153.

Defendant now contends that the indictment is defective and must be dismissed because it fails to allege facts supporting the charge of escape. Because Defendant's argument is foreclosed by Tenth Circuit law, the Court disagrees.

## DISCUSSION

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Bedford*, 536 F.3d 1148, 1156 (10th Cir. 2008) (internal quotation marks and citation omitted). Title 18 U.S.C. § 751(a) provides:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; or if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined under this title or imprisoned not more than one year, or both.

To allege a felony violation of § 751(a), an indictment must charge that custody derives from either an arrest on a felony charge, or a conviction of any offense. *United States v. Evans*, 886 F. Supp. 800, 802 (D. Kan. 2005). Defendant argues that the indictment fails because he was not in custody by virtue of an arrest of a felony charge or a conviction. Rather, he was in custody only because his supervised release had been revoked, which falls into neither of those two categories.

This Court finds that Defendant's argument is foreclosed by the Tenth Circuit's decision in *United States v. Sack*, involving facts almost identical to the present case. 379 F.3d 1177 (10th Cir. 2004). There, the defendant, Sack, was arrested for a felony. *Id.* at 1178. The court initially ordered him to reside in a halfway house prior to trial, but later modified the conditions to allow him to stay with his mother. *Id.* When Sack violated the conditions of his release by testing positive for cocaine use, the court ordered him to return to the halfway house. *Id.* He was later indicted for escape after failing to return to the halfway house one day after work. *Id.*

The Tenth Circuit rejected the same argument raised here – that the indictment for escape was defective because the defendant was in custody only for violating the conditions of his release, which was neither a felony arrest nor a conviction. *Id.* at 1181-82. The Court concluded, "Throughout the relevant period Sack was subject to court orders that arose from his arrest for the felony. That the court twice altered the conditions of Sack's release based on his behavior does not sever the connection between the original arrest and the custody from which [the defendant] escaped." *Id* at 1182. Hence, under *Sack* the indictment here is sufficient.

3

Defendant contends that this case should be governed not by *Sack* but by *United States v. Green*, 797 F.2d 855 (10th Cir. 1986).  There, the defendant, Green, was charged under § 751(a) for attempting to escape the custody of a parole officer who had arrested him for a parole violation.  *Id.* at 856.  The Tenth Circuit concluded that because the indictment premised the escape charge on his parole violation, and because "a violation of federal parole is neither a misdemeanor nor a felony," the indictment was defective.  *Id.*  The *Sack* court expressly distinguished *Green*, noting that "the only basis for Green's custody was his arrest for violating parole.  The court's control of Sack's liberty, however, was premised on his arrest for a felony."  *Sack*, 379 F.3d at 1182.  Defendant argues that although parole has been abolished, his post-conviction release conditions serve the same purpose that parole used to serve, rather than being analogous to the pre-trial release conditions in *Sack*.  Therefore, he contends, *Green*, not *Sack*, should control.

Defendant misreads the distinction between *Sack* and *Green*, which lies not in a functional distinction between parole and pre-trial release conditions, but in the different language used in the two indictments.  Green's indictment charged him with attempting "to escape from the custody of [the probation officer], an officer of the United States who had placed said defendant under arrest for the offense of violation of federal parole." *Green*, 797 F.2d at 856.  Therefore, it premised his escape on the arrest for parole violation, which was not a felony, and made no reference to his conviction for the offense giving rise to the parole.  Moreover, even if parole served the same purpose now served by supervised release, before his arrest, Green was not confined or in custody under the terms of his parole.  In contrast, Sack's indictment charged him with escape from "a

facility in which he was lawfully confined . . . after being lawfully arrested for accessory after the fact to armed bank robbery, a felony offense." *Sack*, 379 F.3d at 1182. It therefore properly premised the charge on his felony arrest, and on the confinement ordered by the court as part of the terms of his pre-trial release.

Here, Defendant's indictment charges him with escape from "an institutional facility in which he was lawfully confined . . . by virtue of a judgment and commitment of the United States District Court for the District of New Mexico, for a violation of supervised release upon conviction for the commission of Assault Resulting in Serious Bodily Injury." Doc. 14. This indictment, analogous to Sack's, premises the charge on Defendant's lawful confinement to the halfway house, and on his conviction.[1] Even if supervised release now serves the same function that parole used to serve, the terms of Defendant's supervised release placed him in custody, where the terms of Green's parole did not. Further, Defendant's placement in the halfway house was "under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge," an element lacking in Green's indictment. Therefore, Defendant's reliance on *Green* is unavailing.

Defendant also cites *United States v. Evans*, in which the District Court for the District of Kansas concluded that the defendant was not in custody for the purposes of § 751(a) when confined to a halfway house as a condition of pre-trial bond. 886 F. Supp. 800, 802 (D. Kan. 1995). However, *Evans* was decided before *Sack*, and relied upon Ninth Circuit case law and reasoning about the nature of custody expressly rejected in *Sack*. 379 F.3d at 1181 ("Given our holding in [*United States v. Depew*, 977 F.2d 1412,

---

[1] Defendant also argues that he cannot be charged under § 751(a) because, according to a letter from the Department of Justice, he was not in the custody of the Attorney General at the time he left the halfway house. However, § 751(a) does not require the defendant to be in the custody of the Attorney General.

1414 (10th Cir. 1992)] that custody may be minimal or even constructive, we are not persuaded by the reasoning in [*United States v. Baxley*, 982 F.2d 1265, 1269-70) (9th Cir. 1992)."). Thus, this Court is bound by the Tenth Circuit's reasoning in *Sack* to find Defendant's indictment sufficient.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant's Motion to Dismiss the Indictment **(doc. 23)**..

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE